**IN THE COURT OF APPEALS OF IOWA**

No. 13-1594
Filed October 1, 2014

**IN RE THE MARRIAGE OF REBECCA BARBER
AND TREVOR BARBER**

**Upon the Petition of**
**REBECCA BARBER n/k/a REBECCA HUNT,**
        Petitioner-Appellee,

**And Concerning**
**TREVOR BARBER,**
        Respondent-Appellant.
_____

        Appeal from the Iowa District Court for Polk County, John D. Lloyd, Judge.


        Former husband appeals from the economic and support provisions of the

dissolution decree.  **AFFIRMED.**


        Mark R. Hinshaw of the Law Offices of Mark R. Hinshaw, West Des

Moines, for appellant.

        Alexander E. Wonio of Hanson, McClintock & Riley, Des Moines, for

appellee.


        Considered by Potterfield, P.J., and Tabor and Mullins, JJ.

**POTTERFIELD, P.J.**

Former husband, Trevor Barber, appeals from the economic and support provisions of the decree dissolving his marriage to Rebecca Barber, who is now known as Rebecca Hunt. We affirm.

Our review in equity cases is de novo. Iowa R. App. P. 6.907. We give weight to the findings of the trial court, especially when considering credibility determinations, but we are not bound by them. Iowa R. App. P. 6.904(3)(g).

Trevor and Rebecca met in Bowling Green, Kentucky. They were married on January 12, 2002. Trevor came to the marriage owing about $21,000 in child support arrearages from a previous marriage and $7000 on a HUD loan. Rebecca owed about $5000 in credit card debt.

The couple moved to Des Moines, Iowa, later in 2002 so Trevor could be closer to his child from his prior marriage. Trevor and Rebecca have two children together, a son, born in 2003, and a daughter, born in March 2010. Rebecca worked as a civilian investigator with the Des Moines Police Department with an annual income of about $42,000. Following the birth of their second child, it was agreed Rebecca would become a stay-at-home mother. She emptied her retirement account (receiving approximately $19,000 net) and used the moneys to pay down unsecured marital debts. In addition to caring for the children, Rebecca conducted a home business baking cakes. Her 2010 income was about $16,000.

Trevor moved out of the marital home in January 2011. Rebecca filed a petition for dissolution of marriage in March 2011. Rebecca was unsuccessful in finding employment in the Des Moines area after Trevor left. She was, however,

able to secure employment in Bowling Green, Kentucky, earning $24,000 per year. While this dissolution action was pending, Rebecca filed for bankruptcy and discharged approximately $28,000 in credit card debt.

Trevor is a former Marine. He is employed by the Polk County Sheriff's Department and is in the Iowa National Guard. His annual income from those two positions is $88,201, though he has made additional money in the past providing security.

We have thoroughly reviewed the record in these proceedings, as well as the applicable law. The trial court has provided a detailed and thoughtful decree, taking into account the wide disparity in incomes, the limited marital assets, Rebecca's move to obtain employment, and the parties' considerable debts. The decree equitably divides the marital assets and debts and provides spousal support for a period of time. We find no reason to disturb the court's rulings and decree.[1] We therefore affirm the decree as modified by the trial court's ruling on Trevor's post-trial motion.

The appellee seeks an award of appellate attorney fees. An award of attorney fees is not a matter of right, but rests in the discretion of the reviewing court. *In re Marriage of McDermott*, 827 N.W.2d 671, 687 (Iowa 2013). In evaluating such a request, we consider the needs of the party making the request, the ability of the other party to pay, and whether the party making the request was obligated to defend the trial court's decision on appeal. *Id.*

---

[1] Any disagreement we may have with the decree is minimal and would not change the property distribution or the spousal support award.

Considering the wide discrepancy in incomes and Rebecca's need to defend the trial court's decree, we award Rebecca $2000 in appellate attorney fees.

Costs are taxed to Trevor.

**AFFIRMED.**